**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

    **v.**                 **Case No. CR-99-50015-001
Case No. CV-00-5167**

**JOE LOUIS MENDOZA**                                                     **DEFENDANT**

### O R D E R

Now on this 26th day of October, 2005, comes on for consideration defendant's motion entitled **A petition to this Honorable Court to order the Arkansas State Crime Laboratory to release Petitioner's laboratory reports and laboratory analysis./Motion requesting the Arkansas State Crime Laboratory to release laboratory reports and laboratory analysis pertaining to Petitioner** (document #44), and from said motion, and a review of defendant's case files, the Court finds and orders as follows:

    1.    Mendoza asks that he be provided with copies of laboratory reports and laboratory analysis from the Arkansas State Crime Laboratory relating to his conviction on drug charges, representing that these documents "will help support some of the claims that petitioner brought up on his first motion under 28 U.S.C. §2255."

    2.    Plaintiff's case files reflect that he pled guilty to the charges against him, and was sentenced on August 19,

1999.  There was no appeal.

On August 28, 2000, defendant filed a motion[1] pursuant to **28 U.S.C. §2255**, which related to the proceedings in 99-50015. That motion was dismissed by Order of this Court on January 16, 2002.

3. **28 U.S.C. §2255**, the federal habeas corpus statute, includes a one-year statute of limitations, and provides that a second or successive habeas corpus motion cannot be filed unless a panel of the appropriate court of appeals certifies that it is based on newly discovered evidence of innocence or a new rule of constitutional law made retroactive to cases on collateral review.

Given defendant's guilty plea, the Court finds no reason to believe that he could obtain such certification based on "newly discovered evidence of innocence."  Defendant does not suggest any new rule of constitutional law made retroactive to cases on collateral review which would apply to his case, nor is the Court aware of such.  There is, thus, no reasonable expectation that defendant could obtain certification on that basis.  Without certification, defendant could make no use of the documents he seeks, and the motion requesting them will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendant's motion entitled

---

[1] This motion was assigned case number 00-5167.  All pleading in the case were, however, posted to the criminal docket in case number 99-50015.

**A petition to this Honorable Court to order the Arkansas State Crime Laboratory to release Petitioner's laboratory reports and laboratory analysis./Motion requesting the Arkansas State Crime Laboratory to release laboratory reports and laboratory analysis pertaining to Petitioner** (document #44) is **denied**.

**IT IS SO ORDERED.**

                                              /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**