**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                           **PLAINTIFF**

    v.                 **Case No. CR-99-50015-001**
                    **Case No. CV-00-5167**

**JOE LOUIS MENDOZA**                                        **DEFENDANT**

**O R D E R**

Now on this 26th day of October, 2005, comes on for consideration defendant's **Request for a reconsideration on the Motion Requesting a Copy of Affidavit for Search Warrant and the Search Warrant./Or request to appeal the denial of said motion** (document #45), and from said motion, and a review of defendant's case files, the Court finds and orders as follows:

    1. Mendoza asks the Court to reconsider its ruling denying him copies of the Affidavit for Search Warrant, and the Search Warrant itself, regarding a search of the premises at 1910 South "K" Street, Rogers, Arkansas, on or about January 14, 1999. The Court denied this motion because the purpose for which the documents were wanted was futile. Mendoza's habeas corpus petition was denied on January 16, 2002, and he shows no basis upon which he might be allowed to file a second such petition.

    2. Mendoza asks the Court to reconsider its ruling in light of General Order No. 7, which provides as follows:

        Upon the return of an executed search warrant

**AO72A**
**(Rev. 8/82)**

> issued by a magistrate or judge of this Court, all
> papers in connection therewith shall be filed by the
> magistrate with the Clerk of the Court. The Clerk
> shall maintain a miscellaneous confidential file
> containing the warrant and all other papers until an
> indictment or information is filed. Thereafter, the
> Clerk shall transfer the warrant and other papers to
> the case file.
>     Any person desiring a copy of the papers
> maintained in the confidential files must file a
> motion, directed to the magistrate or judge,
> requesting release of the material. The motion must
> demonstrate good cause for said request. Good cause
> is presumed when the request is made by persons
> directly affected by execution of the warrant or
> their attorneys.

As can be seen, General Order 7 is designed to provide a mechanism for the obtaining of documents relating to a search warrant after the warrant is served but before an indictment or information is filed. In Mendoza's case, an information was filed on April 5, 1999, and General Order 7 would not be implicated in his current request. To the extent that the pending motion asks for reconsideration, it will, therefore, be denied.

3.  Mendoza also asks for leave to appeal the denial of his motion for a copy of the Search Warrant and Affidavit. Because Mendoza is not at this point proceeding pursuant to **28 U.S.C. §2255**, this motion has no merit. To the extent that this request may constitute a motion for a certificate of appealability under **28 U.S.C. §2253**, it likewise is without merit, in that Mendoza has made no showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's **Request for a**

**reconsideration on the Motion Requesting a Copy of Affidavit for Search Warrant and the Search Warrant./Or request to appeal the denial of said motion** (document #45) is **denied.**

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**