IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.                Case No.  98-50029-002

JOE LOUIS MENDOZA                                           DEFENDANT

    and

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.                Case No.  99-50015-001

JOE LOUIS MENDOZA                                           DEFENDANT

## O R D E R

Now on this 28th day of March, 2007, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #79[1]), and defendant's **Objections To The Magistrate Judge's Report And Recommendation** (document #80).

Defendant Joe Louis Mendoza ("Mendoza") seeks leave to appeal his case - wherein the Court dismissed his claim for return of seized property due to the running of the statute of limitations - *in forma pauperis*. The Magistrate Judge reported that, pursuant to **28 U.S.C. §1915(a)(3),** an appeal may not be taken *in forma pauperis* "if the trial court

---

[1] The files of case number 98-50029 and case number 99-50015 reflect that the charges in 98-50029 were dismissed as against defendant after he pled guilty to the charges in 99-50015. The Court has, therefore, referred only to the document numbers in case number 99-50015.

AO72A
(Rev. 8/82)

certifies in writing that it is not taken in good faith." The Magistrate Judge further reported that no reasonable person could suppose Mendoza's appeal to have merit, and recommended that the motion to proceed *in forma pauperis* be denied.

Mendoza's Objections do nothing more than reassert arguments previously made, that time elapsed while he tried to obtain a copy of a search warrant should be equitably tolled, thus bringing his Notice Of Appeal within the limits of timely filing. There is no merit to these objections. Equitable tolling "is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing. The petitioner must also demonstrate he acted with due diligence in pursuing his petition." **E.J.R.E. v. U.S.**, **453 F.3d 1094, 1098 (8th Cir. 2006)**. Neither *pro se* status nor ignorance of the law justifies equitable tolling where a person is aware of the facts necessary to file suit. **Stewart v. Domtar Industries, Inc.**, **2007 WL 861134 (8th Cir. 2007)**.

The Court found, in its Order dated November 21, 2006, that Mendoza was aware of all the information needed to file his motion for return of property in 1999, and that his criminal proceedings were finally concluded ten days (the time for filing a notice of appeal) after the entry of Judgment And Conviction on August 25, 1999. His Motion For The Return Of Property was filed on December 12, 2005, more than six years later. There is no basis, under this scenario, to toll the

time Mendoza spent trying to obtain a copy of the search warrant.

For the foregoing reasons, the Court finds that the Report And Recommendation is sound in all respects; that Mendoza's Objections thereto are without merit and should be overruled; that Mendoza's appeal is not taken in good faith; and that Mendoza's **Application To Proceed Without Prepayment Of Fees** (document #78) should be denied.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted *in toto***.

**IT IS FURTHER ORDERED** that Mendoza's objections thereto are **overruled**.

**IT IS FURTHER ORDERED** that this Court certifies that Mendoza's appeal of the denial of his **Motion For The Return Of Property** (document #50) is **not taken in good faith**.

**IT IS FURTHER ORDERED** that Mendoza's **Application To Proceed Without Prepayment Of Fees** (document #78) is **denied**.

**IT IS SO ORDERED.**

                                               **/s/ Jimm Larry Hendren**
                                               **JIMM LARRY HENDREN**
                                               **UNITED STATES DISTRICT JUDGE**