IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                    Criminal No. 99-50015-001

JOE LOUIS MENDOZA                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a pro se letter submitted by the Defendant which has been construed and filed as a **Motion to Correct Presentence Investigation Report (Doc. 105).** The Government has filed a Response (Doc. 107) to the Motion and the Defendant has filed a Reply (Doc. 110) thereto. The undersigned, being well and sufficiently advised, finds and recommends as follows:

1.      On August 24, 1999, the Court entered a judgment sentencing the Defendant to 200 months imprisonment, five years supervised release, a $17,500.00 fine, and a $100.00 special assessment. Paragraph 35 of the presentence investigation report ("PSR") adopted by the Court noted that the Defendant had a 1986 charge from the State of California for assault with a firearm. While the disposition section stated, "36 mo. Prob[ation], 120 days jail," the PSR assigned the Defendant no criminal history points for this offense because, while the charge appeared on a criminal records check, no "additional verification" was available. (PSR ¶ 36.)

2.      On December 14, 2010, over eleven years after the judgment was entered, the Defendant filed the Motion now before the undersigned, asserting that the information in paragraph 35 of the PSR is incorrect, as he was never convicted of the assault charge. The Defendant submits records from the State of California Department of Justice which appear

to indicate that this charge was dismissed. (Doc. 105 at pg. 8.) The Defendant asserts that this "disinformation" prejudiced him at sentencing and continues to prejudice him, as it effects his classification at the Bureau of Prisons and his eligibility for programs offered there.

3. The Government construes the Defendant's Motion as seeking relief pursuant to Rule 35 of the Federal Rules of Criminal Procedure and asserts that the Motion is untimely. (Doc. 107.) The Defendant has filed a Reply (Doc. 110), explaining that he is not seeking to correct his sentence under Rule 35; rather, he is seeking to "correct the record" pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

4. The Government is correct that the Defendant cannot seek any correction of his sentence under Rule 35, as such a motion must be filed within 14 days after sentencing. See Fed. R. Crim. P. 35(a). The Defendant also cannot seek relief under Rule 36, which authorizes a court to correct clerical errors in the record, as the error of which the Defendant complains is a substantive error in the PSR and not a clerical error. Cf. United States v. Ellis, 2007 WL 3237162, * (E.D. Ky. 2007) (defendant could not proceed under Rule 36 to correct error in his PSR regarding an absconding charge).

It appears that the Defendant is not objecting as to how the alleged mistake in the PSR effected his sentence, but as to how it is effecting the execution of his sentence at the Bureau of Prisons. If so, the proper avenue for him to pursue relief is by filing a 28 U.S.C. § 2241 petition in the district in which he is confined – Ashland, Kentucky – after exhausting his administrative remedies with the Bureau of Prisons.

5. Based upon the foregoing, the undersigned finds that the Defendant's **Motion (Doc. 105)** is without merit and recommends that it be **DENIED**. This denial should be

without prejudice to the filing of a § 2241 petition in the appropriate judicial district.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 9th day of March 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE