```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                    PLAINTIFF

       v.       Civil No. 99-50015-001

**JOE LOUIS MENDOZA**                                            DEFENDANT

### O R D E R

Now on this 16th day of May, 2011, come on for consideration the following:

*   defendant's letter request docketed as **Motion To Correct Presentence Investigation Report** (document #105);

*   defendant's **Motion Requesting An Extension Of Time In Which To File A Reply To Government's Opposition** (document #109);

*   **Magistrate Judge's Report And Recommendation** (document #111); and

*   **Defendant's Objections To The Magistrate Judge's Report And Recommendation** (document #113),

and the Court, being well and sufficiently advised, finds and orders as follows:

1.  Defendant Joe Louis Mendoza ("Mendoza") pled guilty to a criminal charge in April, 1999, and was sentenced on August 25, 1999. He now complains that the Presentence Investigation Report ("PSR") prepared at the time of his sentencing contained an error, in that it indicated that he had been convicted of "Assault With Firearm On Person," when in fact he had not been so convicted. He

contends that the mistake was prejudicial at sentencing, and continues to be prejudicial as it affects his eligibility for various programs offered to inmates. He specifically contended, however, that he is not asking the Court to correct or modify his sentence.[1] He is asking that the Court correct the PSR.

2.   The Magistrate Judge recommended that Mendoza's motion be denied without prejudice, so that Mendoza could seek relief by filing a petition pursuant to **28 U.S.C. § 2241** in the district in which he is confined.

3.   Mendoza's Objections state that the information in his PSR "was prejudicial at sentencing," and that he was sentenced with inaccurate information in violation to his due process rights. He goes on to say that he "felt that if he went into detail in explaining how this misinformation was prejudicial at sentencing, that the government would have construed his letter as a successive motion under 28 USC § 2255 and for that reason it appears that defendant is not objecting as to how the alleged mistake in the PSR effected [sic] his sentence."

4.   Regardless of whether Mendoza seeks correction of his sentence, or only correction of the PSR, his Objections are without merit.   **F.R.Cr.P. 36** authorizes courts to correct "a clerical error in a judgment, order, or other part of the record,

---

[1] This contention is found in Mendoza's Reply To Government's Response In Opposition To Defendant's Motion To Correct The Presentencing Report, document #110.

or correct an error in the record arising from oversight or omission."  It "does not authorize a district court to *modify* a sentence at any time."  **U.S. v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994)** (emphasis in original).

Nor does it allow correction of errors not arising from "oversight or omission," such as correcting a substantive mistake in a document.  The type of correction contemplated by **Rule 36** is clarification of something "unclear in written form, that is clear when the record is examined as a whole."  **U.S. v. Nguyen, 2009 WL 1783500 (N.D. Iowa 2009).**

5.   In **U.S. v. Yakle, 463 F.3d 810 (8th Cir. 2006),** the Eighth Circuit made clear that **Rule 36** exists to correct only scrivener's errors, not substantive errors.  Yakle sought to have a copy of certain court findings appended to his Presentence Investigation Report.  The reviewing court found that the sentencing court's failure to append the document was not a clerical error, but a legal error cognizable in a petition for relief pursuant to **28 U.S.C. § 2255.**

6.   The authority of **Yakle**, **Tramp** and **Nguyen** demonstrate that the relief sought by Mendoza is not obtainable under **Rule 36.** Mendoza seeks to correct what he says is a substantive error, not a scrivener's error.  The Court is not persuaded to the contrary by Mendoza's cited authority, **Abney v. U.S., 2008 WL 1913974 (E.D.**

-3-

**Mo. 2008) (unreported).** The court there relied on **Rule 36** to make a "'mechanical' correction of an error that resulted in the implementation of a sentence that did not begin running at the time the Court intended." This was simply the correction of something unclear in written form, that was clear when the record was examined as a whole, the use of **Rule 36** approved in **Tramp**.

7. For the foregoing reasons, the Court finds that Mendoza's Objections are without merit. They will be overruled, and the Report And Recommendation will be adopted in toto.

8. The Court will grant Mendoza's Motion Requesting An Extension Of Time In Which To File A Reply To Government's Opposition, and has fully considered the Reply To Government's Response In Opposition To Defendant's Motion To Correct The Presentencing Report which Mendoza filed on February 28, 2011.

**IT IS THEREFORE ORDERED** that defendant's **Motion Requesting An Extension Of Time In Which To File A Reply To Government's Opposition** (document #109) is **granted.**

**IT IS FURTHER ORDERED** that **Defendant's Objections To The Magistrate Judge's Report And Recommendation** (document #113) are **overruled.**

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #111) is **adopted in toto.**

**IT IS FURTHER ORDERED** that defendant's letter request docketed as **Motion To Correct Presentence Investigation Report**

(document #105) is **denied without prejudice.**

     **IT IS SO ORDERED.**

                                       **/s/ Jimm Larry Hendren**
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**